# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEMETRIS GRANT,**

    Plaintiff,

  v.                                                                         **Case No. 18-CV-41**

**SHERRIE YORK,**

    Defendant.

# ORDER

On May 24, 2018, the court allowed plaintiff Demetris Grant to proceed on a claim under the Eighth Amendment based on his allegations that a nurse at the Milwaukee County Jail gave him the wrong medication even after he questioned whether the pill she had given him was correct. (ECF No. 12 at 4.) A little more than a year later, on April 25, 2019, Grant identified the nurse as defendant Sherrie York. After she filed an answer to Grant's amended complaint, the court set a discovery deadline of October 18, 2019, and a dispositive motion deadline of November 18, 2019.

On June 24, 2019, York sent Grant a letter asking him to sign and return a "HIPAA-Compliant Authorization for Release of Medical Records." (*Id*. at 6-7.) That same day, she served her first set of interrogatories and first requests to produce. (*Id*. at 11-34.) One of York's requests to produce also asked Grant to sign and return the authorization for the release of his medical records. About a month later, on July 23, 2019, York sent Grant a letter reminding him that his responses to her discovery

requests were due, and she sent him a third copy of the authorization for the release of his medical records. (*Id.* at 35-36.)

On August 2, 2019, York filed a motion to dismiss or, in the alternative, to compel discovery. (ECF No. 45). She argues that she is severely prejudiced by Grant's failure to respond to her discovery requests and his apparent refusal to authorize the release of his medical records because she cannot adequately defend herself against his claim that she was deliberately indifferent to his serious medical needs.

The claim that Grant is proceeding on is narrow. He asserts that, on October 20, 2017, York gave him another inmate's medication. He allegedly questioned whether it was the right pill, but York allegedly dismissed his concerns. After Grant took the pill, he began to feel discomfort in his chest, his head began to throb, and he became dizzy and lightheaded.

Despite the limited nature of Grant's claim, York asks him to authorize the release of his:

> . . . entire file, including any and all medical and mental health records; Medicaid, Medicare, health insurance provider records; pathology, histopathology, laboratory reports; and diagnostic study films and reports including ultrasound, mammogram, x-ray, MRI, CT, and PET from the date of commencement of such records to the present pertaining to the examination, evaluation, diagnosis, care and treatment of any condition or injury regardless of the date thereof, payment and claims pertaining to the above-identified patient.

(ECF No. 45 at 7.) She also asks him to produce "all medical records [he] possess[es] pertaining to [his] treatment and care for the past ten (10) years, including at Milwaukee County Jail" (ECF No. 45 at 29) and "copies of any

prescriptions, medication information provided by [his] pharmacists or healthcare providers, or any other document in [his] control or possession pertaining to medications prescribed to [him] for the past (10) years." (*Id.* at 45.)

The court agrees that, because Grant placed his medical condition at issue, York is entitled to access those medical records that are relevant to Grant's claim and request for damages. However, in light of the limited nature of Grant's claim, the court finds that York's requests regarding Grant's medical records and her proposed authorization form are far too broad, both in scope and time. *See* Fed. R. Civ. P. 26(b). Accordingly, the court will deny York's motion.

York needs *relevant* medical records to defend against Grant's claim. Grant may decide that he does not want York to have access to *any* of his medical records. That is his choice to make, but the court warns Grant that a blanket refusal to produce any of his medical records may be so prejudicial to York's ability to defend herself that the court will dismiss this case. So, if Grant wants to continue with this case, he and York must attempt to come to an agreement about what medical records are relevant to Grant's claim and which he agrees to produce or authorize access to.

Grant must also respond to York's discovery requests. If Grant does not understand a particular request, or if he objects to responding to a particular request, he should contact York's lawyer (by letter is fine) and discuss his

3

concerns with her. Ignoring the requests or refusing to answer the requests without an explanation is not an option and may result in the court dismissing this case based on Grant's failure to diligently prosecute it.

If the parties are unable to agree about the scope of the records that Grant must produce, York may renew her motion. If she renews her motion, she should detail the categories and timeframe of the medical documents she seeks and summarize the parties' efforts to resolve any disagreements they may have.

**THEREFORE, IT IS ORDERED** that York's motion to dismiss or in the alternative to compel discovery (ECF No. 45) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, by **August 30, 2019,** Grant must respond or object to each interrogatory in York's first set of interrogatories and each request in her first set of requests to produce.

Dated in Milwaukee, Wisconsin this 9th day of August, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge