UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIS GRANT,

               Plaintiff,

v.                                          Case No. 18-cv-41-pp-wed

SHERRI YORK,

               Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 49), DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT (DKT. NO. 55) AND DISMISSING THE CASE**

---

Plaintiff Demetris Grant, who is representing himself, sued defendant Sherri York alleging that she gave him the wrong medication. Dkt. No. 12. On November 15, 2019, the defendant filed a motion for summary judgment. Dkt. No. 49. A few days later, on November 19, 2019, Magistrate Judge William Duffin (to whom this court had referred the case for the handling of pretrial matters) held a telephonic status conference to address then-pending discovery motions. Dkt. No. 53.

After addressing the discovery motions, Judge Duffin reminded the plaintiff that his opposition brief and other materials in response to the defendant's summary judgment motion were due on December 16, 2019. Id. at 3. The next day, Judge Duffin entered an order, again reminding the plaintiff to respond to the defendant's motion for summary judgment. Dkt. No. 54. He detailed the procedural requirements under the local rules and warned the

1

plaintiff that under Civil Local Rule 41(c) (E.D. Wis.), if the plaintiff did not timely respond to the motion, the court could dismiss the case based on his failure to diligently prosecute it.

The deadline for the plaintiff to respond to the motion passed over three weeks ago, and the plaintiff has not filed his response. Under Civil L.R. 7(d), "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion." Further, as Judge Duffin explained to the plaintiff, under Civil L.R. 41(c), "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."

The plaintiff has neither responded to the motion nor explained to the court why he is unable to respond. His failure to oppose the defendant's motion is sufficient grounds for the court to grant the motion and his failure to diligently prosecute his case is sufficient grounds for the court to dismiss the case.

On December 20, 2019, the defendant filed a motion to dismiss based on the plaintiff's failure to respond to her motion for summary judgment. Dkt. No. 55. Under Civil L.R. 7(b), the plaintiff has twenty-one days to respond to the defendant's motion to dismiss. In this case, however, allowing the plaintiff to respond amounts to giving him an extension of time to explain why he did not do what Judge Duffin ordered him to do. Under the rules, the court may grant the defendant's motion for summary judgment based on the plaintiff's failure to

oppose the motion and dismiss this case based on his failure to diligently prosecute it. The court will deny the defendant's motion to dismiss as moot.

The court **GRANTS** the defendant's motion for summary judgment based on the plaintiff's failure to oppose the motion under Civil L.R. 7 and **ORDERS** that this case is **DISMISSED without prejudice** under Civil L.R. 41(c) based on the plaintiff's failure to diligently prosecute it. Dkt. No. 49. The court will enter judgment accordingly.

The court **DENIES as moot** the defendant's motion to dismiss based on the plaintiff's failure to respond to her motion for summary judgment. Dkt. No. 55.

Dated in Milwaukee, Wisconsin, this 10th day of January, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**